**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHELSEA FAMILY PHARMACY, PLLC, individually and on behalf of all others similarly situated,<br><br>          Plaintiff(s),<br><br>vs.<br><br>MEDCO HEALTH SOLUTIONS, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 06-CV-118-GKF-SAJ<br>)<br>)<br>)<br>)<br>)<br>) |

**O P I N I O N  A N D  O R D E R**

Before the court is the Report and Recommendation by Magistrate Judge Sam A. Joyner [Document No. 66], in which Judge Joyner recommends that the court deny the defendant's Motion to Stay [Document No. 27]. Also before the court is the defendant's Objection to the Report and Recommendation [Document No. 67].

Defendant Medco Health Solutions, Inc. ("Medco") is a third party prescription program administrator for plaintiff Chelsea Family Pharmacy, PLLC (the "Pharmacy"). Oklahoma's Third Party Prescription Act (the "Act") provides that "no agreement between a program administrator and a pharmacy shall establish reimbursement rates or procedures that result in the reimbursement for goods or services relating to persons covered by the plan which are less than the prevailing rates paid by ordinary consumers for the same or similar. . . drugs and pharmaceutical services." 15 O.S. § 788(A). The Act further provides that "no third party prescription program administrator shall deny any pharmacy the opportunity to participate in any third party prescription program offered in this state in a manner which will restrain the right of a consumer to select a pharmacy." 15 O.S. § 788(B). The Pharmacy alleges that Medco has violated the Act by entering into contractual

agreements which establish reimbursement rates and procedures that result in reimbursements at less than the prevailing rates. The Pharmacy also alleges that Medco has placed restrictions on the Pharmacy's ability to fill and dispense pharmaceutical goods and services to consumers, while at the same time operating a mail order service which offers more favorable dispensing services to consumers than what the Pharmacy is contractually allowed to provide.

In addition to asserting violations of the Oklahoma Third Party Prescription Act, the Pharmacy claims that Medco breached its contract with the Pharmacy by failing to properly provide reimburse rates in accordance with the mandates of the Act, and by failing to offer the Pharmacy the same opportunities offered to mail order enrollees. The Pharmacy also claims that the contractual restrictions placed on it by Medco constitute unfair business practices. The Pharmacy seeks monetary damages and an injunction requiring Medco to cease all actions which are and have been conducted in violation of Oklahoma's Third Party Prescription Act. The Pharmacy asserts its lawsuit as a class action, on behalf of itself and others similarly situated.

The central issue before the court is whether the Pharmacy's claims are subject to arbitration. Medco moves to stay the action, arguing that all claims come within the purview of the arbitration provision in the parties' contract. The Pharmacy argues that the arbitration provision is limited in scope and does not encompass the claims here. The arbitration provision at issue states:

> Any controversy or claim **arising out of or relating to payments to Pharmacy by Medco or audit issues**, but not relating to termination of Pharmacy's Agreement with Medco or Pharmacy's Termination from Medco's Networks, that are not settled by the parties will be determined by arbitration involving three arbitrators, venued in Bergen County, New Jersey, in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrators may be entered in any court having jurisdiction thereof. Any award of the Arbitrators will include reasonable costs and reasonable attorney's fees of the prevailing

2

> party.  No award of the Arbitrators will prohibit Medco from exercising any rights Medco may have pursuant to its Agreement with Pharmacy or pursuant to law.  No party will have a claim in arbitration or otherwise against the other for punitive or consequential damages or for loss of profits.

[Document No. 27-6, at 26 (emphasis added)].

Because the agreement containing the arbitration clause is "a transaction involving commerce," the question of arbitrability is governed by the Federal Arbitration Act ("FAA").  *See* 9 U.S.C. §§ 1, 2; *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir. 1986).  The FAA provides that when an action involves issues referable to arbitration under a written agreement, a court shall stay the action until arbitration has been had in accordance with the terms of the agreement.  However, the court must do so only after it has satisfied itself that the issues involved are referable to arbitration under the agreement between the parties.  9 U.S.C. § 3.  As noted by the Magistrate Judge, there is a strong public policy favoring arbitration.  *See Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998).

In *Cummings v. FedEx Ground Package System, Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005), the Tenth Circuit Court of Appeals held that in determining whether a particular dispute falls within the scope of an arbitration clause, a court should undertake the following three-part inquiry:

> First, recognizing there is some range in the breadth of arbitration clauses, a court should classify the particular clause as either broad or narrow. Next, if reviewing a narrow clause, the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause. *Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview*. Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it.

3

404 F.3d at 161 (citations omitted, emphasis in original).

The court agrees with the Magistrate Judge that the arbitration provision here is narrowly drawn. The arbitration provision does not refer all disputes arising out of the agreement to arbitration. Rather, it is limited to specific disputes regarding "payments" by Medco and "audit issues." When an arbitration clause is narrowly drawn, the policy in favor of arbitration does not have the "strong effect here that it would have if we were construing a broad arbitration clause." *Cummings*, 404 F.3d at 1262, quoting *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 858 F.2d 825, 832 (2nd Cir. 1988). As confirmed by the Tenth Circuit Court of Appeals in *Cummings*, "[u]nder a narrow arbitration clause, a dispute is subject to arbitration only if it relates to an issue that is on its face within the purview of the clause, and collateral matters will generally be beyond its purview." 404 F.3d at 1262 (citations omitted). Courts "must take care to carry out the specific and limited intent of the parties" in construing the scope of a narrow arbitration clause. *Id*.

For the reasons set forth in the Report and Recommendation, the court concurs with the Magistrate Judge and concludes that the claims asserted in this case do not fall within the purview of the narrowly drawn arbitration provision. Particularly, the Pharmacy has not asserted claims against Medco that arise out of or relate to payments – that is, the Pharmacy does not seek to recover unpaid claims, nor does it allege that payments made by Medco were inaccurate under the current Schedule and terms of the agreement. Rather, the Pharmacy contends that Medco's contractual requirements and the rates at which it reimburses the Pharmacy are unlawful under the Oklahoma Third Party Prescription Act and constitute unfair business practices.

For example, as part of the services provided to the Pharmacy, Medco (1) establishes an overall Pricing Schedule for drugs, and (2) processes individual claims for reimbursement. The court agrees with the Pharmacy that the arbitration clause applies to disputes relating to the processing and payment of individual claims, *i.e.* payments, but does not apply to the pre-determined formula imposed as a "Pricing Schedule." Here, the Pharmacy does not seek to recover specified claims that were not paid according to the Pricing Schedule. Instead, the Pharmacy contends that the Pricing Schedule itself is unlawful and unfair. To the extent Medco argues that the claims in this case ultimately extend to "payments" by Medco, this would, at best, be collateral to the actual dispute. Further, certainly outside the scope of the arbitration clause are the Pharmacy's allegations that Medco solicits and diverts the Pharmacy's customers to enroll in Medco's mail order services while denying the Pharmacy the right to participate in the same program.

As determined by the Magistrate Judge, the limited scope of the arbitration provision is further evidenced by the fact that disputes relating to termination of the agreement are excluded from arbitration, even though they may relate to payments owed. If the parties intended for disputes regarding rates, pricing schedules or unfair trade practices to be subject to arbitration, they could have so stated. Moreover, the parties could have agreed that any and all disputes arising under the contract are subject to arbitration, but they did not do so.

Upon consideration of the Report and Recommendation, the briefs and materials filed by the parties, and the relevant legal authorities, the court concurs with Magistrate Judge Joyner and accepts his reasoning and recommendations.

**WHEREFORE**, Medco's Objection to the Report and Recommendation [Document No. 67] is overruled. The Report and Recommendation [Document No. 66] is hereby accepted and adopted, and the Motion to Stay [Document No. 27] is denied.

**IT IS SO ORDERED** this 30th day of June 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma